1  RYAN L. DENNETT, ESQ.
   Nevada Bar No. 5617
2  rdennett@dennettwinspear.com
   JENNIFER INSLEY MICHERI, ESQ.
3  Nevada Bar No. 10089
   jinsley-micheri@dennettwinspear.com
4  **DENNETT WINSPEAR, LLP**
   3301 N. Buffalo Drive, Suite 195
5  Las Vegas, Nevada  89129
   Telephone:	(702) 839-1100
6  Facsimile:	(702) 839-1113
   *Attorneys for Defendant,*
7  *Progressive Direct Insurance Company*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MOHAMED HYATT ETTAGHI and CSILLA ZOSK, both individually and as husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY; DOE INSURANCE COMPANY I through X; DOE DRIVER I through X; DOES REGISTERED OWNERS I through X; DOES I through X; DOE EMPLOYEES/AGENTS I through XX; ROE CORPORATIONS A through Z, inclusive,<br><br>Defendants. | CASE NO:  2:24-CV-01050-APG-BNW<br><br>**STIPULATION AND [PROPOSED] ORDER TO EXTEND DISCOVERY DEADLINES** |

Pursuant to the Court's Local Rule 26-3, PLAINTIFFS, MOHAMED HYATT ETTAGHI AND CSILLA ZOSK, by and through their counsel of record, Robert Qualey, Esq., of the Qualey Law Firm; and DEFENDANT, PROGRESSIVE DIRECT INSURANCE COMPANY (hereinafter "PROGRESSIVE INSURANCE"), by and through its counsel of record, JENNIFER INSLEY MICHERI, ESQ., of the law firm of DENNETT WINSPEAR, LLP, respectfully move the Honorable Magistrate Judge for an Order continuing Discovery and submit the instant Stipulation in accordance with LR 6-1 and LR 26-4.  The parties have conferred and agree that an extension of discovery is both necessary and warranted. This request contains basis to extend for good cause.

1    The parties met and conferred on August 14, 2024, pursuant to FRCP 26(f). The parties have exchanged their respective FRCP Productions.  A proposed stipulated discovery plan and scheduling order was presented to the Court, and the Court issued its Order Approving Discovery Plan on September 13,k 2024 [Doc 14].  Thereafter, Defendant served written discovery on Plaintiffs, with responses due on or before November 3, 2024.  With that said, Plaintiff's counsel requested an extension of time in which Plaintiffs have to respond to the written discovery on the basis that Plaintiffs are experiencing health issues unrelated to the subject accident.  Defendant granted the extra time in which to respond to written discovery, with depositions of plaintiffs to be set following receipt of responses.  With that said, given the impending initial expert deadline during January 2025, and trial schedule of counsel, as well as relative expert availability during the upcoming Holiday Season, the parties hereto respectfully request that discovery be extended for a period of sixty (60) days.

The parties have engaged in initial discovery and are working on noticing party depositions, following receipt of written discovery responses from Plaintiffs, for which Defendant recently provided additional two weeks to answer given counsel's representation that plaintiffs are currently experiencing health issues and cannot complete responses to written discovery propounded by Defendants at this time.   Given each Plaintiff's potential pre-accident conditions, inability to notice either Plaintiff's deposition until later December 2024,[1] or more likely January 2025, and in order to complete timely initial factual and expert discovery, the parties respectfully request an extension of the current discovery dates.

The parties have conferred and agree that an additional extension of time in which to complete all remaining discovery is warranted, good cause exists for the extension, and the parties submit an additional extension of time is warranted, as detailed herein.

. . .

. . .

---

[1] In addition to Plaintiffs reported current health issues, Defense counsel begins a two week trial December 2, 2024, and expected to continue for two-weeks, making December depositions unlikely during the Holiday Season.

2

1    An extension of time for discovery is necessary and good cause exists for the extension
2 pursuant to Local Rule 26-4.  Pursuant to that Rule, the parties submit the following:
3    The parties hereby request that the close of discovery in this matter be continued for sixty
4 days (60) days. This Stipulation is supported by good cause, and the request to extend the date
5 for close of discovery was submitted prior to twenty-one days before the close of discovery.
6    This Stipulation is supported by good cause.  Since the Court issued its Order Approving
7 Discovery Plan [Doc 14], the parties have worked diligently to complete discovery, but were
8 unable to complete all necessary discovery given inability to timely set each Plaintiff's deposition
9 and set potentially necessary examination regarding each Plaintiff's relevant claims.  However,
10 the parties have exchanged documents and written discovery, however, require additional time
11 in order to set depositions of parties, treating doctors and experts due partly to scheduling issues
12 and ability to set depositions with potential unavailability of expert dates within the current dates
13 for discovery.  The parties are now working to complete necessary discovery, but require time in
14 which to do so.
15    Specifically, Defense is working with Plaintiff's counsel to obtain all necessary,
16 outstanding medical records (pre and post-accident) and in order to set necessary party, expert
17 and treating provider and expert depositions within the discovery period, and in order to
18 appropriate expert reporting may be completed and the parties continue to working together to
19 accomplish the necessary discovery.
20    The parties have encountered difficulty in setting plaintiff's deposition as is more fully
21 explained above, due to scheduling and availability, including trial for Defendant's counsel, as
22 well as apparent health issues for Plaintiffs preventing timely response to Defendant's written
23 discovery, originally due to Defendant by November 7, 2024.
24    Despite party efforts, additional time is required in order to complete the necessary
25 depositions enumerated herein.
26    An extension of time in which to complete discovery is necessary, good cause exists for
27 the extension pursuant to Local Rule 26-4 and is supported by good cause as described herein.
28 The parties need time in which to conduct necessary depositions of relevant experts in

3

connection with Plaintiff's claims of continuing injury, following receipt of each Plaintiff's written discovery responses, and depositions to be set thereafter.

An extension is also warranted and good cause exists because Defendant has been diligent in its efforts to obtain relevant medical records, billing, and documents (for both pre and post-accident treatment and conditions) but has not yet received all of the records sought, and to enable the parties to gather evidence necessary in which to support any request for dispositive relief in this matter, and so that the parties may adequately prepare their case in anticipation of trial.

The parties are requesting an extension of the close of discovery so testimony of relevant experts and party representatives may be obtained and expert reporting completed.  Thereafter, further time is necessary in order for the parties to provide an expert with relevant records for expert review and evaluation, with resulting opinion.

This Stipulation and request for extension of the close of discovery is made more than twenty-one (21) days before the expiration of the deadline for discovery in this case, and initial expert disclosure deadline which is currently January 13, 2025 (with each Plaintiff's deposition not possible until January or February 2025, due to relative availability).

**(a)   DISCOVERY THAT HAS BEEN COMPLETED:**

Counsel for the respective parties participated in a discovery planning conference pursuant to Fed.R.Civ.P. 26(f).  Lists of witnesses and document productions were thereafter exchanged by and between the parties.

Defendant propounded written discovery on each Plaintiff and each Plaintiff has not yet served responses.  The parties will work to set each Plaintiff's deposition following Defendant's receipt of Plaintiffs' written discovery responses.  Defendant requested and Plaintiff will also provide additional, executed authorizations to obtain additional, relevant pre and post-accident records. The parties are currently working to set the remaining and necessary depositions.

. . .

. . .

. . .

**(b)    DISCOVERY THAT REMAINS TO BE COMPLETED PURSUANT TO LR 26-3(b):**

The parties are currently in the process of conducting additional written and factual discovery, followed by depositions of parties, experts and treating physicians. Specifically, the parties are currently working to set the deposition of Plaintiff, followed by providers and medical experts. Additionally, the parties anticipate potentially conducting additional expert discovery, and additional factual and expert discovery and depositions.

Despite the fact that the parties have worked together to complete this necessary discovery and set depositions, the discovery and depositions have not yet been noticed due to lack of availability for testimony within the current discovery timeline.

**(c)    REASONS DISCOVERY WILL NOT BE COMPLETED WITHIN THE TIME LIMITS SET BY THE DISCOVERY PLAN:**

Further time is necessary in order for the parties to complete party and expert discovery and depositions, which timeline was complicated by each plaintiff's relative availability for deposition until January or February 2025.

Additional time is needed to depose parties, physicians, and the failure to set depositions within the relevant discovery timeline excusable neglect due to scheduling and availability counsel. Counsel is working together to complete necessary remaining discovery, but require additional time in which to do so.

**(d)    PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY**:

The parties hereby stipulate and request that discovery dates in this matter be continued for an additional (60) days.

| CURRENT DATE | PROPOSED DATE |
| --- | --- |
| Close of Discovery:  March 12, 2025 | May 22, 2025 |
| Amend Pleadings/add parties: December 12, 2025 | February 21, 2025 |
| Expert Disclosures: January 13, 2025 | March 24, 2025[2] |

---

[2] Deadline falls on Sunday, March 23, 2025 and is therefore relegated to Monday, March 24, 2025.

| | |
|---|---|
| Rebuttal Experts: February 12, 2025 | April 23, 2025 |
| Dispositive Motions:  April 11, 2025 | June 23, 2025[3] |
| Pre-Trial Order:  May 12, 2025 | July 23, 2025 |

DATED this 20th day of November, 2024.         DATED this 20th day of November, 2024.

**QUALEY LAW GROUP**                             **DENNETT WINSPEAR, LLP**


By    /s/ Robert S. Qualey
Robert S. Qualey, Esq.
Nevada Bar No. 3570
711 Mall Ring Circle, Suite 200
Henderson, Nevada 89014
***Attorneys for Plaintiffs,
Mohamed Hyatt Ettaghi and
Csilla Zsok***

By     /s/ Jennifer Insley Micheri
JENNIFER INSLEY MICHERI, ESQ.
Nevada Bar No. 10089
3301 N. Buffalo Drive, Suite 195
Las Vegas, Nevada  89129
Telephone :(702) 839-1100
Facsimile: (702) 839-1113
**Attorneys for Defendants
*PROGRESSIVE MUTUAL AUTOMOBILE INSURANCE COMPANY***

**ORDER**

Good cause appearing therefore, IT IS SO ORDERED.


DATED this   21   day of    November   , 2024.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Deadline falls on Saturday June 21, 2025 and is therefore relegated to Monday, June 21, 2025.

# Theresa Amendola

| | |
|---|---|
| **From:** | rqualey@qualeylawfirm.com |
| **Sent:** | Tuesday, November 19, 2024 8:14 PM |
| **To:** | Jennifer Insley Micheri |
| **Cc:** | Marisa McGuigan; 65f519d3e+matter1721670080@maildrop.clio.com; Ashley Marchant; Theresa Amendola; Anthony Amendola |
| **Subject:** | RE: ttaghi v Progressive - Case No. 2:24-cv-01050-APG-BNW |

yes, please add my e-/s/.

Thank you,

Robert


-----Original Message-----
From: "Jennifer Insley Micheri" <jinsley-micheri@dennettwinspear.com>
Sent: Tuesday, November 19, 2024 10:38am
To: "rqualey@qualeylawfirm.com" <rqualey@qualeylawfirm.com>
Cc: "Marisa McGuigan" <mmcguigan@qualeylawfirm.com>, "65f519d3e+matter1721670080@maildrop.clio.com" <65f519d3e+matter1721670080@maildrop.clio.com>, "Ashley Marchant" <amarchant@dennettwinspear.com>, "Theresa Amendola" <tamendola@dennettwinspear.com>, "Anthony Amendola" <aamendola@dennettwinspear.com>
Subject: RE: ttaghi v Progressive - Case No. 2:24-cv-01050-APG-BNW

Hi Robert,

Sorry for the delay – I am currently preparing for trial.

Pursuant to your recent request, we extended the date that your client's written discovery responses were due out (originally due us by 11/6/24) for two weeks making your client's Responses due to be served on or before November 20, 2024.

In addition, please see the attached SAO to extend discovery that we discussed.

Please advise if we may add your signature for submission.

Jennifer Insley Micheri, Esq.

[cid:image001.jpg@01DB3A6B.F6111D30]
3301 North Buffalo Drive, Suite 195
Las Vegas, Nevada 89129
702.970.7711 - Direct
702.839.1100 - Main
702.839.1113 - Fax

CONFIDENTIALITY NOTICE: INFORMATION IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE RECIPIENT(S) NAMED ABOVE. This message may be an Attorney-Client communication, or may be an Attorney Work Product, and is therefore privileged and confidential. If the reader of this message is not the intended