JENNIFER INSLEY MICHERI, ESQ.
Nevada Bar No. 10089
jinsley-micheri@dennettwinspear.com
**DENNETT WINSPEAR, LLP**
3301 N. Buffalo Drive, Suite 195
Las Vegas, Nevada  89129
Telephone:     (702) 839-1100
Facsimile:      (702) 839-1113
*Attorneys for Defendant,*
*Progressive Direct Insurance Company*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MOHAMED HYATT ETTAGHI and CSILLA ZOSK, both individually and as husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY; DOE INSURANCE COMPANY I through X; DOE DRIVER I through X; DOES REGISTERED OWNERS I through X; DOES I through X; DOE EMPLOYEES/AGENTS I through XX; ROE CORPORATIONS A through Z, inclusive,<br><br>Defendants. | CASE NO:  2:24-CV-01050-APG-BNW<br><br>**STIPULATION AND ORDER TO CONTINUE DISCOVERY<br>(SECOND JOINT REQUEST)** |

Pursuant to the Court's Local Rule 26-3, PLAINTIFFS, MOHAMED HYATT ETTAGHI AND CSILLA ZOSK, by and through their counsel of record, Robert Qualey, Esq., of the Qualey Law Firm; and DEFENDANT, PROGRESSIVE DIRECT INSURANCE COMPANY (hereinafter "PROGRESSIVE INSURANCE"), by and through its counsel of record, JENNIFER INSLEY MICHERI, ESQ., of the law firm of DENNETT WINSPEAR, LLP, respectfully move the Honorable Magistrate Judge for an Order continuing Discovery and submit the instant Stipulation in accordance with LR 6-1 and LR 26-4.  The parties have conferred and agree that an extension of discovery is both necessary and warranted. This request contains basis to extend for good cause.

The parties met and conferred on August 14, 2024, pursuant to FRCP 26(f). The parties

1  have exchanged their respective FRCP Productions.  A proposed stipulated discovery plan and
2  scheduling order was presented to the Court, and the Court issued its Order Approving
3  Discovery Plan on September 13, 2024 [Doc 14].  Thereafter, discovery dates were again
4  extended [Doc 17] by this Honorable Court in response to the Parties First Stipulation for
5  Extension of Time [Doc 17], which extension was previously requested on the basis that
6  Plaintiffs are experiencing health issues unrelated to the subject accident and needed additional
7  time in which to respond to Defendant's written discovery and present for deposition.

8  Unfortunately, Plaintiff recently informed defense counsel that Plaintiff Ettaghi passed
9  away from causes unrelated to the subject accident.  With that said, given the impending initial
10  expert deadline of March 25, 2025, and Plaintiff Zosk (Plaintiff Ettaghi's wife) deposition pending,
11  the parties hereto respectfully request that discovery be extended for a period of an additional
12  forty-five (45) days.

13  The parties have engaged in initial discovery and Defendant has noticed party
14  depositions, and Plaintiff's have responded to written discovery requests by Defendant.   Given
15  each Plaintiff's potential pre-accident conditions, the recent passing of Plaintiff Ettaghi, Plaintiff
16  Zosk's current grieving period, and the current settlement discussions between the remaining
17  parties, and in order to complete timely initial factual and expert discovery in the unlikely event
18  that this case fails to settle pursuant to ongoing discussions, the parties respectfully request an
19  extension of the current discovery dates.

20  The parties have conferred and agree that an additional extension of time in which to
21  complete all remaining discovery is warranted, good cause exists for the extension, and the
22  parties submit an additional extension of time is warranted, as detailed herein.

23  An extension of time for discovery is necessary and good cause exists for the extension
24  pursuant to Local Rule 26-4.  Pursuant to that Rule, the parties submit the following:

25  The parties hereby request that the close of discovery in this matter be continued for
26  forty-five  days (45) days. This Stipulation is supported by good cause, and the request to extend
27  the date for close of discovery was submitted prior to twenty-one days before the initial expert
28  deadline.

1    This Stipulation is supported by good cause.  Since the Court issued its Order Approving
2    Discovery Plan [Doc 14], the parties have worked diligently to complete discovery, but were
3    unable to complete all necessary discovery given inability to timely set each Plaintiff's deposition
4    and set potentially necessary examination regarding each Plaintiff's relevant claims.  However,
5    the parties have exchanged documents and written discovery, however, require additional time
6    following the recent passing of Plaintiff Ettaghi, grieving of his wife, Plaintiff Zosk, and parties will
7    go forward with depositions of parties, treating doctors and experts due and disclose experts
8    should this case fail to settle.  The parties are now working to complete necessary discovery, but
9    require time in which to do so.

10    Despite party efforts, additional time is required in order to complete the necessary
11    depositions enumerated herein.

12    An extension is also warranted and good cause exists because Defendant has been
13    diligent in its efforts to obtain relevant medical records, billing, and documents (for both pre and
14    post-accident treatment and conditions) but has not yet received all of the records sought, and to
15    enable the parties to gather evidence necessary in which to support any request for dispositive
16    relief in this matter, and so that the parties may adequately prepare their case in anticipation of
17    trial.

18    The parties are requesting an extension of the close of discovery so testimony of relevant
19    experts and party representatives may be obtained and expert reporting completed.  Thereafter,
20    further time is necessary in order for the parties to provide an expert with relevant records for
21    expert review and evaluation, with resulting opinion.

22    This Stipulation and request for extension of the close of discovery is made more than
23    twenty-one (21) days before the expiration of the deadline for discovery in this case, and initial
24    expert disclosure deadline which is currently March 25, 2025.

25    **(a)    DISCOVERY THAT HAS BEEN COMPLETED:**

26    Counsel for the respective parties participated in a discovery planning conference
27    pursuant to Fed.R.Civ.P. 26(f).  Lists of witnesses and document productions were thereafter
28    exchanged by and between the parties, with several supplements also disclosed.

1    Defendant propounded written discovery on each Plaintiff and each Plaintiff has served
2 responses.  Plaintiff Zosk deposition is currently set for February 27, 2025, and will go forward if
3 the parties ongoing settlement discussions fail to resolve the matter.  Unfortunately, Plaintiff
4 Ettaghi recently passed away.  As such, discovery regarding Mr. Ettaghi has paused.  Defendant
5 requested and Plaintiff will also provide additional, executed authorizations to obtain additional,
6 relevant pre and post-accident records. The parties are currently working to set the remaining
7 and necessary depositions of remaining experts and witnesses should this matter fail to settle.

**(b)    DISCOVERY THAT REMAINS TO BE COMPLETED PURSUANT TO LR 26-3(b):**

The parties are currently in the process of conducting additional written and factual discovery, followed by depositions of Plaintiff Zosk, experts and treating physicians. Additionally, the parties anticipate potentially conducting additional expert discovery, and additional factual and expert discovery and depositions should this case fail to settle.

Despite the fact that the parties have worked together to complete this necessary discovery and set depositions, the discovery and depositions have not yet been noticed due to the recent passing of Plaintiff Ettaghi, and the grieving period of his wife, Plaintiff Zosk, as well as lack of availability for testimony within the current discovery timeline.

**(c)    REASONS DISCOVERY WILL NOT BE COMPLETED WITHIN THE TIME LIMITS SET BY THE DISCOVERY PLAN:**

Further time is necessary in order for the parties to complete party and expert discovery and depositions, which timeline was complicated by the the recent passing of Plaintiff Ettaghi, and the grieving period of his wife, Plaintiff Zosk, as well as lack of availability for testimony within the current discovery timeline.

Additional time is needed to depose Plaintiff Zosk, and physicians should the parties active settlement discussions fail to resolve the matter.  The failure to set depositions within the relevant discovery timeline excusable neglect due to scheduling and availability counsel, and specifically complicated by the recent passing of Plaintiff Ettaghi.  With that said, the parties are now actively engaged in settlement discussions and are working to resolve the matter.  However, should the matter fail to settle, the parties will need additional time in which to complete

necessary discovery.  Counsel is working together to complete necessary remaining discovery, but require additional time in which to do so.

**(d)     PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY**:

The parties hereby stipulate and request that discovery dates in this matter be continued for an additional (45) days.

| CURRENT DATE | PROPOSED DATE |
|---|---|
| Close of Discovery:  May 22, 2025 | July 7, 2025[1] |
| Amend Pleadings/add parties: February 21, 2025 | April 8, 2025 |
| Expert Disclosures: March 25, 2025 | May 8, 2025 |
| Rebuttal Experts: April 23, 2025 | June 9, 2025 |
| Dispositive Motions:  June 23, 2025 | August 6, 2025 |
| Pre-Trial Order:  July 23, 2025 | September 5, 2025 |

DATED this   13th   day of February, 2025.        DATED this   13th    day of February, 2025.

**QUALEY LAW GROUP**                                       **DENNETT WINSPEAR, LLP**

By    /s/ Robertt S. Qualey                                  By    /s/ Jennifer Insley Micheri
Robert S. Qualey, Esq.                                       JENNIFER INSEY MICHERI, ESQ.
Nevada Bar No. 3570                                          Nevada Bar No. 10089
711 Mall Ring Circle, Suite 200                              3301 N. Buffalo Drive, Suite 195
Henderson, Nevada 89014                                      Las Vegas, Nevada  89129
***Attorneys for Plaintiffs,***                             Telephone :(702) 839-1100
***Mohamed Hyatt Ettaghi and***                             Facsimile: (702) 839-1113
***Csilla Zsok***                                            **Attorneys for Defendant, Progressive Direct Insurance Company**

<u>**ORDER**</u>

Good cause appearing therefore, IT IS SO ORDERED.

DATED   February 18, 2025

_____
U.S. MAGISTRATE JUDGE

---

[1] Deadline falls on Saturday, July 5, 2025 and is therefore relegated to Monday, July 7, 2025.

# Anthony Amendola

| | |
|---|---|
| **From:** | rqualey@qualeylawfirm.com |
| **Sent:** | Thursday, February 13, 2025 3:59 PM |
| **To:** | Jennifer Insley Micheri |
| **Cc:** | Marisa McGuigan; 65f519d3e+matter1721670080@maildrop.clio.com; Ashley Marchant; Theresa Amendola; Anthony Amendola |
| **Subject:** | RE: ttaghi v Progressive - Case No. 2:24-cv-01050-APG-BNW |

Looks good - you can add e-signature


-----Original Message-----
From: "Jennifer Insley Micheri" <jinsley-micheri@dennettwinspear.com>
Sent: Thursday, February 13, 2025 3:54pm
To: "rqualey@qualeylawfirm.com" <rqualey@qualeylawfirm.com>
Cc: "Marisa McGuigan" <mmcguigan@qualeylawfirm.com>, "65f519d3e+matter1721670080@maildrop.clio.com" <65f519d3e+matter1721670080@maildrop.clio.com>, "Ashley Marchant" <amarchant@dennettwinspear.com>, "Theresa Amendola" <tamendola@dennettwinspear.com>, "Anthony Amendola" <aamendola@dennettwinspear.com>
Subject: RE: ttaghi v Progressive - Case No. 2:24-cv-01050-APG-BNW

Hi Robert,

Attached is the SAO to extend discovery during settlement negotiations that we discussed. Please advise if we have permission to submit it to the Court with your signature.

Thanks.

Jennifer Insley Micheri, Esq.


3301 North Buffalo Drive, Suite 195
Las Vegas, Nevada 89129
702.970.7711 - Direct
702.839.1100 - Main
702.839.1113 - Fax

CONFIDENTIALITY NOTICE: INFORMATION IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE RECIPIENT(S) NAMED ABOVE. This message may be an Attorney-Client communication, or may be an Attorney Work Product, and is therefore privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to an intended recipient, you are hereby notified that you have received this message in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you received this message in error, please notify the sender immediately by return email, delete the message and return any hard copy printouts to the address above. Thank you.

-----Original Message-----
From: rqualey@qualeylawfirm.com
Sent: Tuesday, November 19, 2024 8:14 PM
To: Jennifer Insley Micheri <jinsley-micheri@dennettwinspear.com>
Cc: Marisa McGuigan <mmcguigan@qualeylawfirm.com>; 65f519d3e+matter1721670080@maildrop.clio.com; Ashley Marchant <amarchant@dennettwinspear.com>; Theresa Amendola <tamendola@dennettwinspear.com>; Anthony Amendola <aamendola@dennettwinspear.com>
Subject: RE: ttaghi v Progressive - Case No. 2:24-cv-01050-APG-BNW

yes, please add my e-/s/.

Thank you,

1